UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIAM MARTIN, III | CIVIL ACTION NO. 11-CV-1368 |
| VERSUS | JUDGE MELANCON |
| JANET NAPOLITANO | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the undersigned for Report and Recommendation on referral from the district judge is the defendant's Motion to Dismiss based on provisions of Fed. R. Civ. P. 12(b)(1) or alternatively Fed. R. Civ. P. 12(b)(6). [Rec. Doc. 13]  Defendant asserts that the claims of Plaintiff William Martin[1] should be dismissed for his failure to properly exhaust administrative remedies and alternatively because his suit is untimely.  For the reasons discussed below, the undersigned recommends that the motion be GRANTED and that Plaintiff's claims be dismissed.

**Pertinent Factual and Procedural Background:**

William Martin has alleged that he was a victim of race, age and other discrimination in his employment, including discriminatory retaliation by his employer, leading to and including his termination from long-term federal employment.  The motion before the Court presents procedural and timeliness issues.  Thus, while the undersigned

---

[1]Martin's pleadings consist of two letters written to the court and construed by the undersigned as a *pro se* complaint and amended complaint. Multiple documents are attached to both letters. [Rec. Doc. 10, p. 1]

will not consider the merits of the plaintiff's discrimination claims, the chronology of

events is important to the consideration of the motion.

| | |
|---|---|
| May 27, 2009 | William Martin was terminated from his position with the Transportation Security Administration(TSA) as Transportation Security Officer[2], assigned to the Lafayette Regional Airport. [Rec. Doc. 1-1, pp. 88-99] Soon thereafter, he sought review of the termination through the TSA Disciplinary Review Board. [Rec. Doc. 5, p. 2] |
| June 23, 2009 | With assistance from a union legal representative, Martin completed and signed a 'Disciplinary Review Board APPEAL FORM.' [Rec. Doc. 1-1, pp. 9-15, 23-26] On the document, he confirmed that he had not raised the issues in his appeal with any other agency or in any other complaint procedure. There is no mention or reference by Martin to claims of discrimination or discriminatory retaliation. At page 4 of the form, appears the notice: |

> *If you believe you were discriminated against by the agency, in connection with the matter being appealed, because of your race, color, gender, religion, national origin, disability, age, or sexual orientation you may contact an EEO counselor within 45 days of the effective date of the action being appealed. The Disciplinary Review Board will not process appeals in which allegations of discrimination are raised. However, if the discrimination allegations can be clearly separated from other issues being raised, the Disciplinary Review Board has the discretion to process those issues.* [Rec. Doc. 1-1, p. 26]

| | |
|---|---|
| June 25, 2009 | An appeal letter was sent to the TSA DRB Coordinator by Martin's attorney, presenting Martin's position in response to the termination letter and urging that Martin's removal from his position be rescinded. [Rec. Doc. 15-1, pp. 1-7] |

---

[2]The Transportation Security Administration is a component of the Department of Homeland Security. 6 U.S.C. §203.

| | |
|---|---|
| October 9, 2009 | Martin's attorney wrote again to the DRB Coordinator.  He referenced Martin's receipt of notice that the DRB had denied his appeal without a hearing.  He urged the DRB to reconsider its decisions and grant the hearing Martin had requested earlier. [Rec.Doc. 15-1, p. 13] The request was denied on November 4, 2009. [Rec. Doc. 15-1, p. 14] |
| February 23, 2010 | TSA's Disciplinary Review Board issued its Opinion and Decision, denying Martin's appeal. [Rec. Doc. 1-1, p. 4-8; Doc 5, p. 3] Martin received the decision on February 27, 2010. [Rec. Doc. 1-1, p. 51] The opinion/decision addressed the reasonableness of the management decision to terminate Martin's employment.  In the transmittal letter from TSA enclosing the Opinion and Decision, Martin was notified that the DRB decision was final, with no further right to appeal. [Rec. Doc. 15-1, p. 15] |
| April 28, 2010 | Martin's first contacted EEO[3]. [Rec. Doc. 1, p. 2; Doc. 1-1, p. 1; Doc. 5, p. 3] |
| May 6, 2010 | In Martin's Written Statement of "formal EEO complaint" [Rec. Doc. 1-1, pp. 37-45], there are references to alleged race discrimination and retaliatory actions against Martin from mid-February to mid-May, 2009, based on an earlier incident in October, 2008. [p. 41] |
| August 26, 2010 | Martin wrote to a Senior EEO Specialist/Mediator with TSA's Office of Civil Rights and Liberties, referencing his counseling session(s) with EEO personnel. [Rec. Doc 1-1, p. 46] A detailed statement was submitted with the letter, referencing alleged continued harassment and discriminatory action including retaliation and termination from October, 2008 through May 27, 2009. [Rec. Doc. 1-1 pp. 47-50] |
| September, 2010 | Martin's union-appointed attorney withdrew from representing him. |

---

[3]Martin's pleadings do not offer the precise date of his first EEO contact, except to reference April, 2010; the documents attached by the plaintiff date the contact at April 28, 2010. [Rec. Doc. 1-1, p. 1]

-3-

[Rec. Doc. 5, p. 3]

| February, 2011 | Martin received a letter from the Office of Civil Rights and Civil Liberties, U.S. Department of Homeland Security, which had been addressed to his former legal counsel. The letter was dated January 14, 2011. It informed that the EEO office within the TSA/DHS had dismissed Martin's claims for his failure to contact an EEO Counselor within 45 days after his termination date. The letter included details for Martin's filing of an appeal with the EEOC within 30 days of his receipt of the final decision. The letter also included information regarding the right to file a civil action in United States District Court.[4][Rec. Doc. 1, p. 2; Doc. 1-1, pp. 1-3] |
| --- | --- |
| July 22, 2011 | Martin filed the instant lawsuit, without legal representation. [Rec. Doc. 1] He did not file an appeal with the EEOC. [Rec. Doc. 5, p. 4] |

On October 12, 2011, after an evidentiary hearing in accordance with *Spears v. Cotter*, 766 F.2d 179(5th Cir. 1985) and 28 U.S.C.A. §1915(e)(2)(B), the undersigned found that Martin had presented colorable claims of wrongful termination under Title VII and/or the Age Discrimination in Employment Act(ADEA). [Rec. Doc. 10]

On January 31, 2012, the defendant filed the instant Motion to Dismiss [Rec. Doc. 13], calling for dismissal of the plaintiff's claims based on his failure to exhaust administrative remedies available to and required of him and his failure to file the present action within the time limitations prescribed by Title VII and the ADEA. [Rec. Doc. 13-1, p. 2]

---

[4]The defendant submits that there were additional pages attached to the final decision, including instructions for the filing of a civil lawsuit within 90 days of receipt of the final decision. [Rec. Doc. 13-1, p. 10] That page is not included in Plaintiff's submission at Rec. Doc. 1-1.

**The Rule 12(b)(1) Standard:**

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151(5th Cir. 1998). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co. V. Greenberg*, 134 F.3df 1250, 1253(5th Cir. 1998). When the court "lacks the statutory or constitutional power to adjudicate [a] case," the case should be dismissed pursuant to Rule 12(b)(1). *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996).

When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, as well as to conduct a limited evidentiary hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995).

However, a court is required to convert a Rule 12(b)(1) Motion to Dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *Holt*, 46 F.3d at 1003. The jurisdictional question is deemed to be intertwined with the merits of the case, if the

same statute which provides the court with subject matter jurisdiction, also forms the basis for a substantive claim. *Id*. "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).

**The Rule 12(b)(6) Standard**:

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, Rule 12(b)(6) motions are viewed with disfavor and are rarely granted. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir.1999). When considering a motion to dismiss under Rule 12(b)(6), a district court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *See id.* A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Id.* (*quoting Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997)).

At the time the motion was filed, the plaintiff was proceeding *pro se.*[5] In this

---

[5] At the time of the hearing on the motion, the plaintiff had retained counsel who actually argued the motion. However, no pleadings had been filed by plaintiff's counsel.

Circuit, it is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir.2001) (*quoting Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

***Title VII and Exhaustion of Administrative Remedies:***

Title VII provides the exclusive remedy for claims of discrimination in federal employment. Section 717 of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16(c) permits most federal employees to seek relief from proscribed discriminatory employment practices in federal court. As a precondition to seeking this judicial relief, however, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency. *Brown v, General Services Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402(1976); *Martinez v. Dept. of U.S. Army*, 317 F.3d 511(5th Cir. 2003); 29 C.F.R. §1614.105-107(2005). Administrative remedies are exhausted when the federal agency gives notice of its final action, or when 180 days have passed since the initial formal charge was filed with the agency. *Id.*

The regulations governing equal employment opportunities in the federal

government, adopted and promulgated by the Equal Employment Opportunity Commission(EEOC), are codified in 29 CFR. §1614.101 et seq.  Federal employees claiming illegal discrimination must first consult with an EEO counselor within the employing agency, within 45 days of the effective date of the employment action.  29 CFR §1614.105(a).  If the EEO counselor is unable to resolve the matter informally, the counselor notifies the employee of his right to file a formal administrative complaint with the employing agency.   29 CFR §1614.105(d).  That claim must be filed within 15 days of receipt of the counselor's notice. 29 CFR §1614.106.   The agency shall dismiss an entire complaint that fails to comply with the applicable time limits contained in §1614.106 unless the agency extends the time limits in accordance with 29 CFR §1614.604(c) (The time limits are subject to waiver, estoppel and equitable tolling.).

 A complainant may appeal an agency's final action or dismissal of a complaint within 30 days of receipt of the dismissal, final action or decision. 29 CFR §§1614.401(a), 1614.402(a).   A complainant who has filed an individual complaint is authorized under Title VII and the Age Discrimination in Employment Act to file a civil action in an appropriate United States Court within 90 days of receipt of the final action on the complaint if no appeal has been filed, or within 90 days of receipt of the Commission's final decision on an appeal, or after 180 days from the date of filing of an appeal if there has been no final decision by the Commission. 29 CFR §1614.407.

 There is disagreement in this circuit on whether a Title VII prerequisite, such as

exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction. The Supreme Court has held that the EEOC or EEO filing deadlines are not jurisdictional, reasoning that filing deadlines are in the nature of statutes of limitations which are subject to waiver, estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234(1982). Neither the Supreme Court nor the Fifth Circuit, sitting *en banc* has ruled that the exhaustion requirement is subject to waiver or estoppel, and Fifth Circuit panels are in disagreement over that question. *Compare Tolbert v. United States*, 916 F.2d 245, 247(5th Cir. 1990)("[I]t is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction.") and *Randel v. Dept. of U.S. Navy*, 157 F.3d 392, 395(5th Cir. 1998)("If the claimant fails to comply with either of these[Title VII] requirements then the court is deprived of jurisdiction over the case.") *with Young v. City of Houston, Tex*, 906 F.2d 177, 180(5th Cir. 1990)("A failure of the EEOC prerequisite does not rob a court of jurisdiction.") *and Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 449(5th Cir. 1983)("The basic two statutory requirements(although these are not necessarily 'jurisdictional') for a Title VII suit are...."). Under the well-settled Fifth Circuit rule of orderliness, one panel cannot overturn the decision of another panel, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or an *en banc* court. On the application of the rule, then, this court is bound by the earlier

decisions. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378(5th Cir. 2008); *Granger v. Aaron's Incorporated*, 636 F.3d 708 (5th Cir. 2011). Since the regulations allow for waiver, estoppel and equitable tolling of the time limits, they function more like a prescriptive period than a jurisdictional bar. *See Henderson v. U.S. Veteran's Admin.*, 790 F.2d 436, 440 (5th Cir. 1981). The court therefore considers the motion presented as a Rule 12(b)(6) motion. Against this standard, the undersigned has considered the 'pleadings' and all attachments submitted into the record by the *pro se* plaintiff.

### *ANALYSIS AND DISCUSSION*
**Positions of the Parties:**

The defendant's motion is presented pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively Rule 12(b)(6). In either context, the mover urges that the federal employee plaintiff's discriminatory discharge claim triggers the administrative exhaustion requirements set out in 42 U.S.C. 2000e-16 and 29 C.F.R. 1614.105 et seq., and William Martin has admitted that he failed to make the required EEO contact within 45 days of the alleged discriminatory incident. Further, Defendant asserts that Plaintiff did not contact the EEO regarding his discharge within 45 days after he received his final decision from the TSA Disciplinary Review Board. Finally, Defendant asserts that Plaintiff's case should be dismissed for his failure to file the present action within the time limitations prescribed by Title VII and the ADEA.

Defendant cites to Martin's exhibits submitted with the original complaint to note

the date of Martin's initiation of EEO contact as April 28, 2010, some eleven months after his termination from employment. Defendant argues, as did the agency, that Martin had received regular EEO training in his workplace in 2005, 2006, and 2007, and he therefore "was well aware of the 45-day deadline." [Rec. Doc. 13-1, p. 3] Further, says Defendant, along with its final decision sent to Martin's attorney on January 14, 2011, the agency included a "Notice of Appeal Rights" document informing Martin of his further rights to lodge an EEOC appeal, or to file a civil suit in federal court, and the timelines for each option. Defendant asserts that William Martin failed to act according to the specified timelines. Finally, Defendant asserts that there exists no basis for extending the timelines via equitable tolling.

Plaintiff asserts his situation warrants an extension of the subject time limits, alleging that he was not notified of the appropriate EEO process when he was terminated, and that no EEO contact information was provided with his termination notice. [Rec. Doc. 1, p. 3; Doc. 5, pp. 3-4; Doc. 15, p. 4] Per Martin,

> *Had I seen the EEO statement, then I would have realized that I need to contact the EEO agency again and could have done this contact within the 45 day time frame, if the required EEO statement had been included within the ...decision letter.*[Rec. Doc. 15, p. 4]
> ...
> *I attempted to properly follow all the listed instructions regarding the Management review process. I followed the proper 'Chain of Command' as provided within discussion with the Office of Ombudsman and EEO phone hotline conversation.* [Rec. Doc. 15, p. 5]
> ...
> *TSA Management...may have intentionally concealed the facts*

-11-

> *underlying my complaint to the DRB and also to the EEO agency in a timely manner.* [Rec. Doc. 15, p. 7]

However, Martin also declared in his amended pleading that he had previously received TSA Management documents which "always provided listed and required EEO contact and instructional guidelines." [Rec. Doc. 5, p. 3]

Martin also contends he believed that the DRB's final denial decision further displayed a continued act of discrimination against him. Thus, he filed a claim with the TSA EEO division on receipt of that decision. [Rec. Doc. 5, p. 4] He cites to the EEO Final Dismissal Transmittal Letter which states that the agency or EEO shall extend the subject time limits when an individual shows that he was not notified of the time limits and did not know and reasonably should not have known that discrimination had occurred, and despite due diligence, he was prevented by circumstances beyond his control from contacting an EEO Counselor in a timely manner. [Rec. Doc. 1-1, p. 2] Martin has conceded that he "did not make administratively 'correct' contact with the EEO, until I was given the final DRB decision and recommendation letter, as dated February, 2010." [Rec. Doc. 15, p. 3]

Additionally, Martin raises the issue of his late receipt of the final decision from the Department of Homeland Security, dismissing his discrimination complaint (the January 14, 2011 letter sent to his former attorney, but not received by Martin until February, 2011). [Rec. Doc. 1-1, p. 1] In the pages of that letter, DHS dismissed Martin's complaint as untimely, citing the 45 day contact requirement. The letter also enclosed a

Notice of Appeal Rights, indicating that Martin had "the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court." [Rec. Doc. 1-1, p. 3] Finally, Martin concedes the suit was filed more than 90 days after his receipt of the final agency decision, but he has explained that he misinterpreted the filing deadline.

**The time periods at issue:**

Martin's submissions into the record confirm that within the 45 days following his termination, he had legal representation and had received written notice from the Disciplinary Review Board that it would not process discrimination claims, which claims could be submitted to an EEO counselor "within 45 days of the effective date of the action being appealed." [Rec. Doc. 1-1, p. 26] Martin has admitted that he took no action to contact his agency's EEO counselor within 45 days of his termination (May 27, 2009). Martin has also conceded he made no such contact within 45 days of receipt of the final decision by the DRB (February 27, 2010). His first EEO contact was April 28, 2010, some sixty days later. The agency final decision considered and rejected Martin's plea for extension/tolling of the time limitation, citing to Martin's failure to establish grounds for tolling consistent with Commission regulations.

Per the information in the agency final dismissal letter, Martin had another window of opportunity to appeal the adverse decision against him with the EEOC, or to file his federal court suit. The letter references two enclosures: " (1) Appeal Rights and (2)

EEOC Form 573." In the last paragraph of the letter is the following statement:

> This letter constitutes the final action by DHS on this complaint. If Complainant is dissatisfied with this decision, he may file an appeal according to the instructions at Enclosure (1). The appeal form is at Enclosure (2). [Rec. Doc. 1-1, p. 2]

In the record submission by Martin, a single page titled 'Notice of Appeal Rights' is attached to the letter. That notice declares "You have the right to appeal to the Equal Employment Opportunity Commission(EEOC) or to file a civil action in an appropriate United States District Court." [Rec. Doc. 1-1, p. 3] Assuming the correctness of Martin's assertion that he received the final decision in February, 2011, and giving Martin the benefit of the entire month of February for that receipt, he would have had to file his EEOC appeal by the end of March, 2011. He did not. He likewise did not file his civil suit in this court within the 90 day period established by 42 U.S.C. §2000e-16(c). That should have been done by the end of May, 2011, in the most generous calculation. Martin concedes the "appeal's paperwork" was available to him:

> *When the EEO agency, denied my complaint in February 2011, sighting the same 45 days failure rule of May 27, 2009, I withdrew my appeal's paperwork and reading the notice instruction,* **I misinterpreted the filing deadline of 180 days, and not the 90 days***. Thus I filed my USDC documentation as such. [Emphasis added][Rec. Doc. 15, p. 3]*

***Martin has failed to present adequate grounds for equitable tolling of the time limitations periods at issue.***

The regulations, at 29 CFR §1614.105(2) provide for extension of the 45 day time limit when the claimant shows that he was not notified of the time limits and was not

otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the counselor within the time limits, or for other sufficient reasons.  Martin's submissions into the record confirm that within the 45 days following his termination, he had legal representation and had received written notice from the Disciplinary Review Board that it would not process discrimination claims, which claims could be submitted to an EEO counselor "within 45 days of the effective date of the action being appealed." [Rec. Doc. 1-1, p. 26]  Martin acknowledges that he received regular EEO training during his employment, and he has further acknowledged that he had had prior employment disciplinary action taken against him, and he was familiar with typical EEO materials provided by his employer. There is no reason to conclude that Martin and/or his attorney at the time, exercising due diligence, could not have discovered, understood and abided by the 45 day mandatory deadline.

As to Martin's actions following receipt of the final agency decision on his termination, he has confirmed that he made the conscious decision not to file an EEOC appeal. [Rec. Doc. 5, p. 4] He asserts that the final decision received by him did not include information regarding the time window for filing of suit.  However, Martin has also described reading his "appeals paperwork" and "misinterpreting" the suit-filing deadline. [Rec. Doc. 15, p. 3]

In order to bring a Title VII claim, an employee must first exhaust the administrative remedies. The plaintiff must file a timely claim with the EEOC and then receive a right to sue letter before bringing a federal suit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79(5th Cir. 2002). Once a plaintiff receives a right to sue letter, he or she has ninety days in which to bring the suit. *Id.* (citing 42 U.S.C. §2000e-5(f)(1)(A)). This ninety day requirement is strictly construed, and courts within the Fifth Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *Id.* While the limitations period is subject to the principle of equitable tolling, the doctrine is "to be applied sparingly." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880(5th Cir. 2003). Additionally, the plaintiff bears the burden to justify equitable tolling. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232(5th Cir.1999). The Fifth Circuit has articulated three reasons to warrant equitable tolling in Title VII cases, including ADEA claims: "(1) during the pendency of an action before a state court that has jurisdiction over the subject matter of the suit, but that is the wrong forum under state law; (2) until the claimant knows or should know the facts giving rise to her Title VII claim; and (3) when the EEOC misleads the claimant about the nature of her rights under Title VII." *Id.*; *See also Maher v. Corpus Christi State Sch.*, 1996 WL 512235, at *2(5th Cir. 1996). In examining the record as submitted by the plaintiff, and giving the plaintiff the benefit of every doubt, the undersigned finds no indication that the first factor would apply in this case. Likewise the Court cannot find

that Martin has demonstrated that he was misled or intentionally deceived regarding the applicable timelines at issue herein; rather Martin has acknowledged he "misinterpreted" the deadlines. Even accepting Martin's assertion that he received incomplete information, he obviously received sufficient basic information regarding his appeal rights and the necessity of acting in accordance with rules and procedures so as to place him on notice that he should inquire further in the act of due diligence. There is no indication that he did. As to the second factor, the record is clear that Martin had detailed information regarding the incidents leading up to his termination contemporaneous with those occurrences. He has not asserted that he came by additional information after the fact to support his discrimination claims which had not been available to him during the applicable time windows discussed herein.

The complaining party in a Title VII case bears the burden of providing justification for application of equitable tolling principles. 29 CFR §1614.604(c), *Wilson v. Secretary, Department of Veterans Affairs*, 65 F.3d 402, 404(5th Cir. 1995). Courts have been reluctant to excuse delay when the evidence demonstrates, as here, that plaintiffs failed to safeguard their own rights. This is particularly true when the claimant enjoys the benefit of counsel during the crucial delay. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435(1990); *Turner v. Johnson*, 177 F.3d 390, 392(5th Cir. 1998)

William Martin's first EEO contact was made over eleven months after his

termination, and over 60 days after he received the final agency decision on his termination. His discrimination complaint was dismissed by the agency on January 14, 2011, based on Martin's failure to contact the EEO Counselor within 45 days of the alleged discrimination. In that final ruling, the agency notified Martin of his right to appeal the decision to the EEOC, within 30 days, or he could file suit in district court. Even accounting for Martin's late receipt of the dismissal, suit filing on July 22, 2011 was well beyond Martin's receipt of the notice and any allowable time period. Considering the plaintiff-submitted record in the light most favorable to the *pro se* plaintiff, the undersigned finds no reasonable grounds have been articulated for equitable tolling in the instant case. On the face of the expanded record submitted by the plaintiff, the Title VII claims of William Martin are thus time-barred and should be dismissed.

### *Recommendation*

Based upon the foregoing, on the court's review of the plaintiff's submitted record and considering the arguments of the parties, it is the recommendation of the undersigned that the Motion to Dismiss be GRANTED and that Plaintiff's claims be DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy

of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 2nd day of April, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)